PROBATE COURT OF WESTERLY *vs.* WILLIAM J. POTTER *et als.*

WASHINGTON—DECEMBER 31, 1900.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Probate Law and Practice. Actions on Bonds. Account.*

In a suit upon the bond of an executor brought by a residuary legatee, alleging as breaches the failure to exhibit a particular inventory of the personal estate and failure to file an account of his administration after being cited so to do, on demurrer it was :—

*Held,* that the action could be maintained under the provisions of Gen. Laws R. I. cap. 220, §§ 20, 32-34, the remedies provided in Gen. Laws cap. 218, § 29, being without prejudice to any other remedies.

Distinguishing *Drown* v. *Staples,* 18 R. I. 117.

*Quære,* whether the action could be maintained by plain legatees.

DEBT on the bond of an executor brought for the benefit of all concerned in the personal estate of the testator, including the residuary legatee among other legatees. The breaches alleged were failure to exhibit a particular inventory of the estate and failure to account after being cited so to do. Heard on demurrer, and demurrer overruled.

TILLINGHAST, J. We think the demurrer must be overruled. Whether Sarah J. Potter or Grace E. Potter, two of the persons in whose interest the action on the executor's bond is brought, can maintain the same before obtaining judgment against the executor, they being plain legatees only under the will of William D. Potter, we need not decide, as Elbert S. Potter is also one of the persons in whose interest the action is brought, and he is one of the residuary devisees and legatees under the will, the defendant William J. Potter, the

(1) executor, being the other.   And although the statute (Gen. Laws R. I. cap. 218, § 29) gives to said Elbert S. Potter, as residuary legatee, the right to bring an action of account or in the nature of an action of account against the executor, it provides that such right is without prejudice to any other remedies.   This clause so materially changes said section from what it formerly was that the case of *Drown* v. *Staples*, 18 R. I. 117, mainly relied on by defendant's counsel in support of his demurrer, is not controlling.   Indeed, it is fair to presume that the change of said statute was· made in view of our decision in said case.   We see no reason, therefore, why the case stated in the plaintiff's declaration as to said Elbert, at any rate, may not be maintained under the provisions of Gen. Laws R. I. cap. 220.   See sections 20, 32, 33, and 34.[1]

Several other questions have been diligently argued by counsel, but as the one we have passed upon is sufficient to dispose of the demurrer, there is no occasion for us to consider them.

The demurrer is overruled.

*Albert B. Crafts and Oliver H. Williams*, for plaintiffs.
*Peabody & Rathbun*, for defendants.

---

[1] Gen. Laws R. I. cap. 220, § 20.   Every person interested in a bond given by an executor or administrator to a probate court shall be entitled to a copy thereof on payment of the fee for such copy, and to sue thereon in the name and style of the court to which the bond is given.

Sec. 32.   Besides suits brought for the benefit of particular claimants as aforesaid, a suit for the benefit of all concerned in the estate may be brought on such bond at the instance of any party interested, who shall give surety for costs to the defendant on the writ, and satisfactory bond to the probate court securing such court against expenses and costs; in which case endorsement that the suit is brought for the benefit of all interested in the estate shall be made upon the writ.

Sec. 33.   Suit on the bond may be brought whenever it shall appear that the administrator or the executor, not being residuary legatee, or not having given bond to pay debts and legacies, has received personal estate of the testator or intestate and has not, after being cited by the court so to do, exhibited upon oath a particular inventory thereof.

Sec. 34.   Suit on the bond may be brought if the executor or administrator, after being cited by the court so to do, shall refuse or neglect to account upon oath for the property of the testator or intestate by him received or then in his hands.